IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BARRY WAYNE MILLER, )
 )
 Petitioner, )
 ) 1:10CV802
v. ) 1:09CR241-1
 )
UNITED STATES OF AMERICA, )
 )
 Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Barry Wayne Miller, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 56)[1], as well as an amended motion under § 2255 (Docket No. 59). Petitioner has also filed motions to hold the case in abeyance so that he can file his amended motion (Docket No. 58) and a motion to file his amended pleading (Docket No. 60). Because Petitioner did later submit his amended motion, the motion to hold the case in abeyance is moot and will be denied as such. Petitioner's motion to file his amended § 2255 motion will be granted and the amendment will be considered.

---

[1] This and all further cites to the record are to the criminal case.

Petitioner was indicted on, and later pled guilty to, a single count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Docket Nos. 1, 24, 27.) Following a reduction in sentence based on substantial assistance, Petitioner was sentenced to 100 months of imprisonment. (Docket No. 43.) Petitioner did not file a direct appeal, but instead filed his § 2255 motion. Respondent has filed a response to the motion and amended motion (Docket No. 70), Petitioner has filed a reply (Docket No. 72), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

**Discussion**

Petitioner raises only a single claim for relief in his motion and amended motion. He notes that he received a two-level increase in his sentencing level under USSG § 2D1.1(b)(1). That Guidelines section states that where a defendant possesses a firearm and commits a drug offense a two-level increase applies "unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 comment. (n.3). A firearm is connected to the offense if "the firearm has 'some purpose or effect with respect to the drug trafficking crime[.] ... [T]he gun at least must "facilitate or have the potential of facilitating," the drug trafficking offense.'" *United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000)(quoting *Smith v. United States*, 508 U.S. 223, 237 (1993)). The presence of the firearm cannot be accidental or coincidental, but it is enough if the firearm is present and its presence might embolden or protect the defendant during the crime. *Id.* This two-level increase was applied

to Petitioner at sentencing. Petitioner contends that counsel provided ineffective assistance by not challenging the application of the enhancement.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

The basic facts surrounding the firearms enhancement do not appear to be at issue. Following multiple purchases of cocaine hydrochloride from Petitioner by a confidential informant, Petitioner's residence was searched pursuant to a search warrant. The search revealed 32 grams of cocaine hydrochloride, eight firearms, ammunition, and drug paraphernalia in Petitioner's residence. Over $3,600 in cash and a small amount of cocaine were also found on Petitioner's person. The firearms were the basis for the two-level increase under § 2D1.1 in the Presentence Report (PSR). (PSR ¶¶ 9, 23.)

Petitioner claims in his reply brief that the guns were in an office in the rear of his home, that they were locked in a gun safe, and that the cocaine was located in his living room on the opposite side of the house. He also claims that the firearms involved were "two antique rifles (of questionable functionable [sic] viability), a pellet pistol (an airgun), .22 calibur [sic] long-barreled rifles, and shotguns." (Docket No. 72 at 3.) He states that he explained to counsel that these weapons were not related to his drug activity, but were used only for hunting. (*Id*. at 4.) He asked counsel to object, but no objection was filed. (*Id*.)

Counsel has filed an affidavit explaining the reasons that no objection was filed. Counsel states that several controlled buys were made from Petitioner's residence where the weapons were later located. For that reason, he believes that any objection "would have been baseless and against established law and case rulings." (Docket No. 70, Attach. 1 at 1.) Counsel acknowledges that Petitioner did question the firearm enhancement in letters to counsel and that attorneys sometimes raise points that they do not think will prevail. However, an additional factor was present. Petitioner had been released pending disposition of his case in order to work toward a substantial assistance motion. Unfortunately, in addition to his work for the government, he also continued to use and deal drugs on his own. Counsel states that Petitioner's actions "had the real potential of causing him to lose any substantial assistance, any acceptance of responsibility and being charged, or punished, for obstruction of justice." (*Id*. at 2.) For that reason, "counsel and Mr. Miller were of agreement that they should tread lightly when making litigious, baseless points. This was

-4-

particularly true since the Government was still of the mind to recommend a time cut for Mr. Miller." (*Id*.) Eventually, Petitioner faced a sentencing range of 121 to 151 months of imprisonment, but received only 100 months due to his substantial assistance.

At sentencing, Petitioner agreed that there were no objections to the Presentence Report. (Docket No. 62 at 2.) Further, Petitioner's attorney noted on the record that Petitioner was, at one point, very upset with the PSR and the amount of time he faced. However, he later sent a letter of apology to his attorney. (*Id*. at 8.) When given a chance to speak, Petitioner did not mention the firearm enhancement or any lingering desire to have his attorneys raise it. He instead thanked his attorneys. (*Id*. at 10.)

Under the standards set out previously, very little connection is required between firearms and drug trafficking in order for § 2D1.1 to apply. If the facts surrounding the locations and types of the firearms and drugs were as Petitioner alleges (the Court assumes that they were for the purposes of this Recommendation), raising a successful objection to the two-level increase would have remained difficult, although perhaps not impossible. On the other hand, Petitioner, through his own actions while on pretrial release, had placed himself in jeopardy of the rather severe consequences described in his attorney's affidavit. Provoking the government to fully litigate the case could have had disastrous consequences for Petitioner at sentencing. The record reveals that the defense discussed the possibility of raising an objection, but ultimately decided not to do so. Petitioner's comments at sentencing

suggest that, at least at that point, he harbored no strong objections to the strategy that was chosen.

Considering the overall situation and the choices that were made, Petitioner has not shown that counsels' representation fell below a reasonable standard for defense attorneys. It is not the province of the Court to second-guess reasonable strategic decisions after the fact. *See Strickland, supra*. Further, Petitioner has not demonstrated the required prejudice. Although there may be some chance that an objection to the two-level increase could have succeeded, there is also a very real chance that a win as to the two-point increase would have been outweighed by the other, more severe, sentencing setbacks described by his attorney. In the end, he has not established either of the *Strickland* prongs. His claim should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to hold the case in abeyance (Docket No. 58) is **DENIED** for being moot and that Petitioner's motion to file an amended § 2255 motion (Docket No. 60) is **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 56), as amended (Docket No. 59), be denied and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 2, 2011